IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS' MID-AMERICA PENSON PLAN, | ) ) ) |
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA FUND) | ) ) ) ) ) CIVIL ACTION ) ) CASE NO.: 2022 C 0196 |
| PAUL E. FLASCH, Its Administrative Manager, | ) ) ) JUDGE ELAINE E. BUCKLO ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| VEI SOLUTIONS, INC. an Illinois corporation, | ) ) ) ) |
| TRANQUILINO R. VENTURA, An individual, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT, TRANQUILINO R. VENTURA'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Tranquilino R. Ventura, by and through his attorneys, MITCHELL S. CHABAN and ROENAN PATT of LEVIN GINSBURG, as and for their answer to Plaintiffs' First Amended Complaint as follows:

**COUNT I**
**(Claim under ERISA by Funds against VEI)**

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising

thereunder, as hereinafter more fully appears.

**ANSWER:** The allegations set forth in this paragraph are not directed at Ventura and as such, no response is required.

2. Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, are pension and related joint, labor-management funds and bring this action as "employee pension benefit funds," and "plans," under ERISA and Plaintiff, PAUL E. FLASCH, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District and Division.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

3. VEI is obligated to make fringe benefit contributions to the Funds under the terms of the Agreements and Declarations of Trust establishing and outlining the administration of these Funds, and pursuant to the terms of one or more collective bargaining agreements entered into by VEI.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

4. As an employer obligated to make fringe benefit contributions to the Funds, VEI is specifically required to do the following:

    (a)    To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by

        VEI to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating

(b)    To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c)    To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to detem1ine whether VEI is making full payment as required under the applicable agreements;

(d)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by VEI's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 1 ½% per month on the whole amount of contributions remaining from time to time unpaid, together with interest as provided in ERISA, 29 U.S.C. § 1132(g);

(e)    To pay any and all costs incurred by Plaintiffs in auditing VEI's payroll records, should it be determined that VEI was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require VEI to submit its payroll books and records for audit or to recover delinquent contributions;

(g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

5.    VEI is delinquent and bas breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

(a)    VEI has failed and refused to verify and submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by VEI thereon to be due Plaintiffs;

(b)    VEI bas failed and refused to submit all amounts due pursuant to the terms of a Promissory Note entered into by VEI in or around August 2021 for the repayment of contributions, liquidated damages and interest incurred for the months of May 2021 and June 2021.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

6. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by VEI, there is a total of $57,316.06, known to be due Plaintiffs from VEI, subject however to the possibility that additional monies may be due Plaintiffs from VEI based upon VEI's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages may come due during the pendency of this lawsuit.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

7. Plaintiffs have requested that VEI perform its obligations as aforesaid, but VEI has failed and refused to so perform.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

8. VEI's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

**Count II**
**(Claim for Breach of**
**Promissory Noteby**
**Plaintiffs against all**
**Defendants)**

9. Plaintiffs reallege and incorporate by reference Paragraphs 2 through 8 into this Count.

**ANSWER:** Defendant restates his answers to Paragraphs 2 through 8 as if fully set forth herein.

10. Plaintiffs state that federal jurisdiction over this claim is also proper as this claim is "so related" to the claim in Count I that it forms "part of the same case or controversy." 29 U.S.C. §1367.

**ANSWER:** The allegations do not allege any facts but rather states a legal conclusion to which an answer is not required.

11. In or about August 2021, Vei and Ventura entered into a Promissory Note to pay over time certain delinquent contributions, liquidated damages and interest due to the Plaintiffs for work in Local 63's jurisdiction for the months of May and June 2021, in the total amount of $97,013.16, plus interest (a copy of the Promissory Note is attached hereto).

**ANSWER:** Defendant admits the parties entered into a Promissory Note. Answering further, Promissory Note attached to the Complaint is best evidence of its terms and Defendant denies any allegation inconsistent therewith.

12. Defendants are in breach of the Promissory Note, because VEI failed to timely submit its monthly fringe benefit contribution report for November 2021 and pay the contributions

due, if any, for the contribution month of November 2021.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

13. Defendants made five payments of $8,500.00 each from August 15, 2021 throughDecember 15, 2021, totaling $42,500.00, applied towards the Promissory Note, leaving a principal balance of $57,316.06, plus interest.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies the same.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

1. Count II is barred, in whole or in part, due to Plaintiffs' failure to mitigate their damages.

       Respectfully Submitted,

       TRANQUILINO R. VENTURA

       By: /s/ Mitchell S. Chaban
           One of His Attorneys

Mitchell S. Chaban - mchaban@lgattorneys.com
Roenan Patt - rpatt@lgattorneys.com
LEVIN GINSBURG
Attorneys For Defendant
180 North LaSalle Street, Suite 3200
Chicago, Illinois 60601-2800
Telephone: 312-368-0100
Telefax: 312-368-0111

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing was filed electronically on the 18th day of March 2022. Notice of this filing will be sent to the parties' counsel by operation of the Court's electronic filing system.

                  /s/ Mitchell S. Chaban