IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS' MID-AMERICA ) | |
| PENSION PLAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 22 C 0196 |
| ) | |
| VEI SOLUTIONS, INC., ) | JUDGE ELAINE E. BUCKLO |
| an Illinois corporation, ) | |
| ) | |
| TRANQUILINO R. VENTURA, ) | |
| an individual, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Iron Workers' Mid-America Pension Plan, Iron Workers' Mid-America Supplemental Annuity Fund, and Paul E. Flasch (collectively, "Plaintiffs" or "Funds") filed their Complaint (Docket No. 1) against Defendant, VEI Solutions, Inc., on January 12, 2022, and a two-count First Amended Complaint against Defendants, VEI Solutions, Inc., and Tranquilino R. Ventura ("Defendants") (Docket No. 8) on January 20, 2022. Plaintiffs brought Count I against VEI to recover unpaid fringe benefit contributions, liquidated damages, interest, court costs, and attorneys' fees under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. §§ 1132, 1145. Plaintiffs brought Count II against VEI and Tranquilino R. Ventura ("Ventura"), a state law claim to enforce a promissory note under this Court's supplemental jurisdiction. 29 U.S.C. § 1367. The Court's supplemental jurisdiction over the remaining claim against Ventura is proper because his liability is based on the personal guarantee he made in an effort to resolve part of the Defendant

Company's liability to the Funds in Count I, and is therefore a "part of the same case or controversy." 29 U.S.C. § 1367.

Defendant Ventura filed his Answer to Plaintiffs' First Amended Complaint on March 18, 2022. (Docket No. 20; Appx. Ex. 5). The Court entered default judgment against the Corporate Defendant on March 24, 2022. (56.1 Stmt., ¶ 15-16; Docket No. 21; Appx. Ex. 9). Plaintiffs now seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 against Defendant Ventura for amounts that are undisputedly due, consistent with the Court's March 17, 2022, Scheduling Order (Docket No. 16) and the Court's procedures for motions for summary judgment.

## STATEMENT OF FACTS

Plaintiffs, Iron Workers' Mid-America Pension Plan and Iron Workers' Mid-America Supplemental Annuity Fund, are jointly trusteed employee benefit trust funds providing pension benefits to their participants and are administered within this District and Division at 2350 East 170th Street, Lansing, Illinois. (56.1 Stmt., ¶ 1, 2). Plaintiff, Paul E. Flasch, is the Administrative Manager and a fiduciary of the Funds. (56.1 Stmt., ¶ 3).

Defendant, VEI Solutions, Inc. ("VEI"), was at all relevant times an Illinois corporation with its primary office at 1800 Howard Street, Suite A, Elk Grove Village, Illinois. (56.1 Stmt., ¶ 4). Ventura was at all relevant times the President, Secretary, and Registered Agent of VEI. (56.1 Stmt., ¶ 5). VEI was bound to collective bargaining agreements requiring VEI to report and pay fringe benefit contributions to the Funds at the rates provided therein on behalf of its covered workers. (56.1 Stmt., ¶¶ 6, 7).

VEI failed to timely submit completed monthly remittance forms and contributions to Plaintiffs for work in Local 63's jurisdiction for May 2021 and June 2021, owing the funds $121,266.45. (56.1 Stmt., ¶ 8). To address that delinquency, VEI entered into a promissory note ("Note") with the Funds on August 4, 2021, payment of which Ventura personally guaranteed. (56.1 Stmt., ¶¶ 9-12). Defendants submitted a down payment of $24,253.29 with the Note and agreed to pay the balance of $97,013.16 by July 15, 2022, and to remain current with the timely submission of monthly fringe benefit contribution reports and the payment of any contributions due thereon. (56.1 Stmt.,¶¶ 9, 10). Defendants breached the Note by failing to timely remit its contributions for November 2021 and by failing to pay the balance by July 15, 2022. (56.1 Stmt., ¶¶ 11, 13). To date, Defendants have submitted five payments to the Funds towards amounts due under the Note, totaling $39,697.09, leaving a balance due under the Note of $57,316.07. (56.1 Stmt., ¶ 14).

## ARGUMENT

This Court should grant Plaintiffs' Motion for Summary Judgment because there are no genuine issues of material fact and the Funds are entitled to judgment as a matter of law. Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is to be granted where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). To determine if a "genuine issue of material fact exists," courts should "consider evidence in the light most favorable to the nonmoving party." *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004) (citation omitted). Additionally, because Count II of Plaintiffs' lawsuit is based on the Defendants' breach of the Parties' Promissory Note, the interpretation of the Note is "an issue of law to which summary judgment is well-suited if the terms are clear and unambiguous." *Bank of New York Mellon v. Murillo*, No. 12-CV-6726, 2014 WL

773041, at *2 (N.D. Ill. Feb. 25, 2014) (quoting *Lewitton v. ITA Software, Inc.,* 585 F.3d 377, 379-80 (7th Cir. 2009)).

It is undisputed that Plaintiffs entered into a Promissory Note with Defendant Ventura on August 4, 2021, and thereafter breached its duties under the Note. (56.1 Stmt., ¶¶ 9, 13). To recover on a promissory note, plaintiffs must show that (1) a defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no viable defense in order to recover on a promissory note." *Sears Home Appliances Showrooms, LLC v. Appliance Alliance, LCC*, 328 F. Supp. 3d 800, (N.D. Ill. 2018) (quoting *Bank of New York Mellon v. Murillo*, No. 12CV-6726, 2014 WL 773041, at *2 (N.D. Ill. Feb. 25, 2014)). Here, Ventura signed the Promissory Note as an "individual and as principal of VEI Solutions" and agreed to pay $97,013.16 to the Funds, the holder of the Note. (56.1 Stmt., ¶¶ 9, 10). VEI breached the Note's requirements to remain current with the timely submission of monthly fringe benefit contribution reports when it failed to submit its November 2021 report and the payment of any contributions due thereon. (56.1 Stmt., ¶ 13). Further, neither VEI nor Ventura paid the balance due on the Note by the July 15, 2022 deadline. (56.1 Stmt., ¶ 13). Taking into account all payments Plaintiffs received, Ventura still owes Plaintiffs a balance on the Note of $57,316.07, which Ventura has not contested. (56.1 Stmt., ¶¶ 14, 17-19).

On May 18, 2022, Plaintiffs served on Defendants written discovery requests, including a First Request to Admit. (56.1 Stmt., ¶ 17). Ventura has not responded to Plaintiffs' First Request to Admit, despite this Court granting his June 17, 2022 request for an extension of time. (Docket No. 42; 56.1 Stmt., ¶¶ 18, 19). By failing to respond to Plaintiffs' Request to Admit, Ventura has admitted as true each of Plaintiffs' requests. *See U.S. v. Kasuboski*, 834 F.2d 1345, 1349 (1987) (stating "Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer

each matter for which an admission is requested within 30 days or the matter is deemed admitted" and that "admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment."). Based on the Funds' records and Ventura's admission of the balance due on the Note, it is undisputed that Ventura is liable to the Funds for the $57,316.07 balance due on the Note.

## Conclusion

For the foregoing reasons, Plaintiffs, Iron Workers Mid-America Pension Plan, *et al.*, respectfully request that this Court enter judgment in their favor and against Defendant Ventura for $57,316.07, plus post-judgment interest.

Respectfully submitted,

*/s/ Patrick N. Ryan*
One of the Attorneys for the Plaintiffs

Name and Address of Attorneys for the Plaintiffs:

Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
Email: pryan@baumsigman.com
I:\MIDJ\VEI Solutions\#29758\memo in support of msj 08-31-22 rla.kp.pnr.revisions.wpd

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney of record, hereby certifies that on the 31st day of August 2022, he caused to be electronically filed, **Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment**, with the Clerk of the Court using the CM/ECF system, and sent a copy via First Class US Mail to the following:

Mr. Tranquilino R. Ventura,
Individually and as Registered Agent for
VEI Solutions, Inc.
1800 Howard Street, Suita A
Elk Grove Village, IL 60007-2482

And

1225 W. Morse Ave., # 406
Chicago, IL 60626


*/s/ Patrick N. Ryan*


Names and Address of Attorneys for the Plaintiffs:

Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL 60606
Bar No.: 6279364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
Email: pryan@baumsigman.com

I:\MIDJ\VEI Solutions\#29758\memo in support of msj 08-31-22 rla.kp.pnr.revisions.wpd